## Staunton

NATIONAL REALTY CORPORATION V. CITY OF VIRGINIA BEACH, ET AL.

September 6, 1968.

Record No. 6761.

Present, Eggleston, C.J., Buchanan, Snead, I'Anson, Carrico and Gordon, JJ.

*Norris E. Halpern* (*Austin E. Owen,* on brief), for plaintiff in error.

*Harry T. Marshall, Law Department, City of Virginia Beach,* for defendants in error.

BUCHANAN, J., delivered the opinion of the court.

This case involves the validity of an ordinance of the City of Virginia Beach (the City) which imposes a fee of $25 per lot for examination and approval of final subdivision plats, and makes payment of said fee a prerequisite to the recording of the plat by the clerk of the circuit court of the City.

National Realty Corporation, hereinafter referred to as National or plaintiff, owned a tract of land in the City which it subdivided into twenty-nine lots as shown on a plat which it desired to have recorded. The clerk of the circuit court of the City refused to record the plat because the plaintiff did not present a receipt from the city treasurer showing payment to him of the fee of $25 per lot, in addition to a fee of $10 for examination of the preliminary plat, or a total of $735, as required by the City ordinance, which is set out below. National paid these fees under protest and its plat was then recorded.

National first sought to recover the $735 by filing a petition for relief from an erroneous assessment under § 58-1145 of the Code, but the court sustained the City's motion to quash the petition. Thereafter National filed a petition for a declaratory judgment, Code § 8-578, which made the same allegations and asked for the same relief.

The latter petition alleged that on November 3, 1966, plaintiff had presented to the clerk of the circuit court of the City a subdivision plat showing twenty-nine lots, which plat had been approved by the City officials, and had sought recordation thereof; that the clerk refused to record the plat until plaintiff presented a receipt from the treasurer of the City showing payment of the fee ($10) for examination of the preliminary plat and the fee of $25 per lot for approval of the final plat; that plaintiff paid said fees, amounting to $735, and upon exhibition of the treasurer's receipt and upon payment of the State recording fee ($20), the clerk recorded the subdivision plat.

National then alleged that the ordinance imposing the fee was invalid because the City council lacked power to enact such an ordinance; that the ordinance exacted an exorbitant and confiscatory fee; that the ordinance was not regulatory but was designed to produce revenue; that the ordinance exacted a local recording tax in excess of that permitted by statute.

After hearing evidence the trial court denied National's petition, and we granted an appeal.

National assigned a number of errors, but the overriding question is whether the governing body of the City had the power to enact

the ordinance imposing a fee of $25 per lot for examination and approval of subdivision plats.

It was stipulated that National owned the land which it wished to subdivide and had prepared a proper plat which had been approved by the City authorities.

Effective January 1, 1963, the old City of Virginia Beach and the County of Princess Anne consolidated to become the City of Virginia Beach, 1962 Acts, ch. 147, p. 204.

Subsequently the council of the City enacted Ordinance No. 105, which provided in pertinent part:

"An ordinance to provide for a fee for the examination and approval of final plats of subdivisions; * *

"§ 1. Final Plats—Fee.

"That from and after the effective date of this ordinance, in addition to the fee charged for the examination of preliminary plats, a fee of Twenty-five Dollars ($25.00) per lot shall be paid to the Treasurer of the City of Virginia Beach for the examination and approval of final subdivision plats.

"§ 2. Recordation of Final Plat.

"The Clerk of the Court shall not record a subdivision plat unless presented a receipt from the Treasurer's office evidencing that the fee, as required in § 1, has been paid and payment for the cost of recordation has been received."

This ordinance became effective on September 1, 1964.

Prior to consolidation, Princess Anne County had had an ordinance imposing a charge of twenty cents per lot, or a minimum of $10 per plat, for examination and approval of every subdivision plat reviewed by the County, payable to the county treasurer for the benefit of the general county fund at the time the preliminary plat was presented for approval.

Title 15.1, Chapter 11, Article 7 of the Code of Virginia (Code §§ 15.1-465 through 15.1-485, 1964 Repl. Vol.) deals with land subdivision and development. This article, which replaced the "Virginia Land Subdivision Act" (1946 Acts, ch. 369, p. 638, repealed and enacted in substantially its present form by 1962 Acts, ch. 407, art. 7, p. 652), reaffirmed the authority of localities to regulate the subdivision and development of land. The legislature, in providing for local control of land subdivision, delegated to each locality a portion

of the police power of the State. *Board of Supervisors* v. *Land Company*, 204 Va. 380, 383, 131 S.E.2d 290, 292.

After granting the governing bodies of localities the power to adopt land subdivision ordinances, Code § 15.1-465, the General Assembly enumerated certain things the ordinances might include. Code § 15.1-466.

National contends that neither in Code § 15.1-466 nor elsewhere in the article dealing with land subdivision nor anywhere else is the City given the power to exact a fee for City departments for examining and approving subdivision plats. The City says that Code § 15.1-466 (i) authorizes the City council to impose the fee.

Code § 15.1-466 provides:

"A subdivision ordinance may include, among other things, reasonable regulations and provisions that apply to or provide:

\* \* \*

"(i) For the administration and enforcement of such ordinance, not inconsistent with provisions contained in this chapter."        .

The grant to the localities of the right to provide for the administration and enforcement of subdivision oridnances, when read in connection with the other provisions of the article, does not grant the power to impose the charge in question.

The power of a municipality, unlike that of the State legislature, must be exercised pursuant to an express grant. *City of Richmond* v. *County Board*, 199 Va. 679, 684, 101 S.E.2d 641, 645; *Murray* v. *Roanoke*, 192 Va. 321, 326, 64 S.E.2d 804, 808.

Nowhere in the article dealing with land subdivision does the legislature expressly grant to the localities the power to charge and collect fees for the examination and approval of subdivision plats.

Code § 15.1-474 specifically deals with administration and enforcement of subdivision regulations. It provides:

"The administration and enforcement of subdivision regulations insofar as they pertain to public improvements as authorized in § 15.1-466 shall be vested in the governing body of the political subdivision in which the improvements are or are to be located.

"Except as provided above, the governing body which adopts subdivision regulations as authorized in this article shall be respon-

sible for administering and enforcing the provisions of such subdivision regulations, through its planning commission or otherwise."

Code § 15.1-475 provides for submitting the plat of a proposed subdivision for approval by the local planning commission or an agent designated by the local governing body. Sections 15.1-476 and 477 deal with certain procedural requirements. Section 15.1-478 declares that the recordation of such plat transfers to the municipality in fee simple the streets and places for other public use as shown on the plat.

Section 15.1-466 (i), relied on by the City, pertains to administration and enforcement of the subdivision ordinance in accordance with the requirements set forth in the article concerning subdivisions; but it in nowise grants to the locality the power to impose a fee in connection with such administration and enforcement. Cf. § 15.1-491 (f) with respect to zoning ordinances.

The City next argues that its council was empowered to enact Ordinance No. 105 pursuant to Code § 15.1-906, which provides:

"Whenever in the judgment of the municipal corporation it is advisable in the exercise of any of its powers or in the enforcement of any ordinance or regulation, it may provide for the issuance of licenses or permits in connection therewith; fix a fee to be charged the licensee or permitee * *."

What is now the power granted by Code § 15.1-906 was given to the City in its charter. See 1962 Acts, ch. 147, § 2.01, p. 204; Code § 15.1-913; Code § 15.1-838; *Board of Supervisors* v. *Corbett*, 206 Va. 167, 142 S.E.2d 504.

However, § 15.1-906 empowers the City to require licenses and permits and to fix a fee therefor. Ordinance No. 105 does not require payment of a fee for a license or for a permit, but charges a fee for a service. The City council did not receive any power to enact such an ordinance from Code § 15.1-906.

The City also argues that because Princess Anne County had an ordinance imposing a fee for examining and approving subdivision plats and because of the terms of the charter effective upon the consolidation of the City and County, there is legislative approval of such a fee. It relies on § 21.04 of the City charter, which provides:

"All ordinances, rules, regulations and orders legally made by

the City of Virginia Beach and Princess Anne County in force at the effective date of this charter, insofar as they or any portion thereof are not inconsistent herewith, or with the consolidation agreement between the City of Virginia Beach and Princess Anne County, shall remain in force and effect within the same area to which they were applicable at the effective date of this charter, until amended or repealed in accordance with the provisions of this charter or general law." 1962 Acts, ch. 147, § 21.04, p. 216. See also 1962 Acts, ch. 147, § 2.02 (d), p. 205.

It cannot be said that the provision of the charter relied on by the City constituted legislative approval of any specific ordinance of either the City or the County before consolidation. This provision neither approved the Princess Anne ordinance nor empowered the council of the consolidated City to enact a similar ordinance.

The City points to no other provision of the charter in effect at the time Ordinance No. 105 was enacted and applied to plaintiff which empowered the City to enact the ordinance in question.*

Since the council of the City was not empowered to enact an ordinance imposing a fee for the examination and approval of subdivision plats either by the provisions of the article of the Code dealing with land subdivision or by other more general statutes or by the charter, we hold that Ordinance 105 was invalid.

This being the case, it is not necessary to consider appellant's other assignments of error.

The judgment of the trial court is reversed and the case is remanded with direction that a judgment be entered requiring the City to refund to the plaintiff the fees of $735 paid by it.

*Reversed and remanded.*

---

*The 1968 General Assembly amended the City charter by adding subsection (e), as follows:

"§ 2.02 Additional Powers. Without limiting the generality of the foregoing [§ 2.01, conferring on the City the powers set forth in Code §§ 15-77.1 through 15-77.70 (now Code §§ 15.1-837 through 15.1-907)], but in addition thereto, the city of Virginia Beach shall have the following additional powers:

\* \* \*

"(e) Imposition of special fees. To establish and collect such fees as may be determined by the council to be reasonable for the rendering of special services." Acts 1968, ch. 192, p. 265.

This grant, of course, does not affect the decision in the present case.