## Richmond

Fairfield Development Corporation v. City of Virginia Beach, A Municipal Corporation.

LuMarRo Development Corporation v. City of Virginia Beach, A Municipal Corporation.

Point "O" View, Inc. v. City of Virginia Beach, A Municipal Corporation.

April 26, 1971.

Record Nos. 7392, 7393 and 7394.

Present, Snead, C.J., Carrico, Gordon, Harrison, Cochran and Harman, JJ.

*Norris E. Halpern* (*Halpern and Kent*, on brief), for appellant in Record Nos. 7392, 7393 and 7394.

*Harry T. Marshall* (*J. Dale Bimson, City Attorney for the City of Virginia Beach*, on brief), for appellee in Record Nos. 7392, 7393 and 7394.

Per Curiam.

Fairfield Development Corporation (Fairfield), LuMarRo Development Corporation (LuMarRo) and Point "O" View, Inc. (Point "O" View), appellants, filed in the court below separate petitions for "Declaratory Judgment and Further Relief". Each alleged, among

other things, that it had paid, under duress and protest, to the Treasurer of the City of Virginia Beach, pursuant to an ordinance which was unconstitutional and invalid, a certain sum as a condition precedent to the recording of a final subdivision plat. The court was asked to adjudicate the rights of petitioners to a refund and by way of further relief for a judgment ordering the City to make refund of the fees paid plus interest.

The City demurred to each petition on the ground that petitioners had "an adequate remedy at law". The trial court overruled the demurrers and the City excepted to the court's rulings. The City then filed its answers and grounds of defense. By agreement of counsel, the cases were consolidated for purposes of trial.

LuMarRo and Point "O" View each paid the fee pursuant to Ordinance No. 105. After the fees were paid we declared this ordinance invalid in another case because the City was not empowered either by statute or its Charter to enact an ordinance imposing a fee for the examination and approval of subdivision plats. *National Realty Corp.* v. *City of Virginia Beach*,[1] 209 Va. 172, 163 S.E.2d 154 (1968).

While *National Realty Corp.* was pending before us the General Assembly in 1968 amended the City's Charter to permit it "[t]o establish and collect such fees as may be determined by the Council to be reasonable for the rendering of special services." Pursuant to this authority, the Council, by Ordinance No. 230, re-enacted and re-ordained Ordinance No. 105. Fairfield paid the fee after the adoption of Ordinance No. 230.

At the conclusion of Appellants' evidence the trial court entered judgment in favor of the City in each case. The appellants assigned error to the court's actions, and the City assigned cross-error to the court's actions in overruling its demurrers.

In our view it is not necessary to discuss the various questions raised by appellants' assignments of error, since we hold that the trial court erred in overruling the City's demurrers.

In the recent case of *Liberty Mutual Ins. Co.* v. *Bishop*, 211 Va. 414, 177 S.E.2d 519 (1970) we discussed the office of declaratory judgment. There we said:

---

[1] In *National Realty Corp.* v. *City of Virginia Beach*, National Realty proceeded by petition for declaratory judgments as did appellants here. However, the City of Virginia Beach did not demur or otherwise object to the procedure followed and thus the question whether it was proper to proceed by petition for declaratory judgment was not considered on appeal.

"The intent of the declaratory judgment statutes is not to give parties greater rights than those which they previously possessed, but to permit the declaration of those rights before they mature. In other words, the intent of the act is to have courts render declaratory judgments which may guide parties in their future conduct in relation to each other, thereby relieving them from the risk of taking undirected action incident to their rights, which action, without direction, would jeopardize their interests. This is with a view rather to avoid litigation than in aid of it.

"While this court and lower courts have, in obedience to Code § 8-585, given a liberal interpretation to the Declaratory Judgment Act, they have nevertheless recognized that the power to make a declaratory judgment is a discretionary one and must be exercised with care and caution. *It will not as a rule be exercised where some other mode of proceeding is provided.*" (Emphasis added.) 211 Va. at 421, 177 S.E.2d at 524.

Fairfield, LuMarRo, and Point "O" View filed petitions for declaratory judgment to recover the fee each had paid as required by the City. In essence they were seeking a money judgment for a sum certain. The court had nothing to determine that would guide the parties in their future conduct in relation to each other. Each appellant had paid the fee, thus the only issue to be determined was whether it was entitled to have the fees refunded. Appellants' remedy was by motion for judgment and not by petition for declaratory judgment.

Accordingly, the trial court should have sustained the demurrers and dismissed the petitions.

*Affirmed.*