## Richmond

CRESTWOOD CONSTRUCTION COMPANY v. BOARD OF SUPERVISORS OF FAIRFAX COUNTY.

BOARD OF SUPERVISORS OF FAIRFAX COUNTY v. CRESTWOOD CONSTRUCTION COMPANY.

June 14, 1971.

Record Nos. 7473 and 7472.

Present, Snead, C.J., I'Anson, Gordon, Harrison, Cochran and Harman, JJ.

*Royce A. Spence (Lytton H. Gibson; Gibson, Hix, Millsap & Hansbarger,* on brief), for plaintiff in error in Record No. 7473.

*Alton G. Hancock, Assistant County Attorney for Fairfax County,* for defendant in error in Record No. 7473.

*Alton G. Hancock, Assistant County Attorney for Fairfax County,* for plaintiff in error in Record No. 7472.

*Royce A. Spence (Lytton H. Gibson; Gibson, Hix, Millsap & Hansbarger,* on brief), for defendant in error in Record No. 7472.

Per Curiam.

During the period February 1964-November 1968 Crestwood Construction Company ("Crestwood") paid approximately $64,000 to Fairfax County as fees for the review and inspection of subdivision plats and plans.

On September 6, 1968 we held invalid an ordinance of the City of Virginia Beach that imposed fees for the examination and approval of subdivision plats. *National Realty Corp.* v. *City of Virginia Beach*, 209 Va. 172, 163 S.E.2d 154 (1968). Relying upon that holding, and asserting that the Fairfax County ordinance imposing the fees paid by Crestwood to the County was invalid, Crestwood brought this action against the Board of Supervisors of the County to recover those fees.

The evidence shows that Crestwood paid the fees without protest. The trial court correctly held that Crestwood could not maintain an action to recover fees paid voluntarily and entered judgment for the Board of Supervisors. *City of Charlottesville* v. *Marks' Shows*, 179 Va. 321, 18 S.E.2d 890 (1942).

The trial court also held the Fairfax ordinance invalid. We need not and do not express an opinion on that question.

*Affirmed.*