## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Morrison-Williams
Associates, Inc.

v.

City of Alexandria et al.

June 5, 1979

Case No. (Chancery) 9980

BY JUDGE WILEY R. WRIGHT, JR.

The complainant seeks a declaratory judgment that it miscalculated its 1976 and 1977 City of Alexandria Annual License Tax and a judgment for the amount the complainant claims to be due as a refund. Subsequent to the trial, counsel for the City informed the Court by letter that the City questions the Court's authority to order a refund in this proceeding and suggested that the complainant should have brought an action at law to recover any overpayment of its taxes.

Although the complainant could have sought a refund by proceeding under Code § 58–1145, the Court is of the opinion that a declaratory judgment is appropriate under the circumstances of this case. I am mindful of the decision in *Development Corp. v. City of Virginia Beach*, 211 Va. 715, 180 S.E.2d 533 (1971), which circumscribes the power to render a declaratory judgment; however, this case meets the criteria set forth in *Development Corp.* because the complainant's license tax must be computed annually.

The complainant is an advertising agency with an office located in the City. The complainant has two basic sources of income: (1) fees for creative advertising services provided by it, and (2) fees for the placement of advertisements with the media. The controversy with the City is over the manner in which the annual license tax is computed on the latter source of income.

The complainant places advertisements with newspapers, radio, television and other media sources on behalf of its clients. The complainant deals directly with the media and is thereby able to obtain a more favorable advertising rate for its clients. The complainant is paid a fee or commission for this service, the amount of which is set by the media.

With some few exceptions, the media look to the complainant for payment for the advertising, and the media bill the complainant directly. The invoices from the media to the complainant set forth three sums: (1) the total gross, (2) the agency commission, and (3) the net amount due. The media bill the complainant separately for each of the complainant's clients.

Upon receiving the invoices from the media, the complainant bills its clients for the total gross amount due. Payments received from clients are deposited in the complainant's checking account with the complainant's other funds, and the net amount due is forwarded by the complainant to the media. The amount received from each client is recorded separately in the cash journal of the complainant.

In preparing its 1976 and 1977 annual license tax forms, the complainant included in its gross receipts the media costs billed to its clients, as well as the fees or commissions earned by the complainant in placing the advertisements. The complainant characterizes its billing procedure as "pass through accounts" and contends that it should have based its computation only on the fees or commissions it received. In order to partially rectify the overpayments in 1976 and 1977, the complainant sought to offset the overpayments against the amounts due in 1978 and 1979.

The City of Alexandria levies an annual license tax for the privilege of doing business or operating in the City which is based on the gross receipts of the business, profession, trade, or occupation in question during the preceding tax year.

Section 20–1 of the Alexandria City Code defines gross receipts in pertinent part as follows:

> *Gross receipts.* The gross receipts from any business, profession, trade, occupation, vocation, calling or activity, including cash, credits, fees, commissions, brokerage charges and rentals, and property of any kind, nature or description, from either sales made or services rendered without any deduction therefrom on account of cost of the property sold, the cost of materials, labor, or services or other costs, inter-

est or discounts paid, or any expense whatsoever and shall include in case of merchants the amount of the sale price of supplies and goods furnished to or used by the licensee or his family or other person for which no charge is made; provided, however, that the term "gross receipts," with respect to manufacturers, wholesale merchants, and retail merchants manufacturing or dealing in articles upon which there is levied a direct excise tax or gasoline tax by the United States or the state shall not include such excise tax or gasoline tax payments to the United States government or the state.

The question for determination is whether the complainant's gross receipts include the pass through accounts or only the fees and commissions actually earned by the complainants for placing the advertising.

The principles to be followed by the Court in deciding this case are set forth in *City of Richmond v. Bosher*, 197 Va. 182, 187, 89 S.E.2d 36 (1955), as follows:

In construing a license tax law, courts regard the substance and purpose of the law rather than its form and language. The courts may resolve to clearness a vague statute imposing a license tax; and where doubt exists as to the meaning and scope of language imposing any tax, such doubt is to be resolved in favor of the taxpayer. 33 Am. Jur., *Licenses*, § 4, p. 329.

It is elementary that tax laws are to be interpreted liberally in favor of taxpayers and that words defining things to be taxed may not be extended beyond their clear import. Doubts must be resolved against the government and in favor of the taxpayers. (Citations omitted.)

Although counsel stated to the Court during oral argument that their research had not led them to any cases which speak to the issue in this case, I have found a California case which appears to be closely on point. In *City of Los Angeles v. Clinton Merchandising Corp.*, 25 Cal. Rptr. 859, 375 P.2d 851 (1962), the defendant was a merchandising corporation which, among other things, acted as the central managing, accounting, and disbursing office of various sales corporations engaged in the retail men's clothing business. As such, it collected all of the receipts of the retail stores and paid all of their obligations. As compensation for its services, the defendant de-

ducted and retained a percentage fee of the stores' sales. One of the issues was whether the City of Los Angeles had properly interpreted its gross receipts tax to include all of the moneys collected by the defendant and disbursed on behalf of the stores. The Supreme Court of California concluded that the defendant should not have been taxed upon the basis that its gross receipts included the entire amount which it collected from its affiliate stores, rather than the amount which it received in payment for its services.

Although this Court is not bound to follow the decisions of the highest court of another state, the opinion of the Supreme Court of California is highly persuasive. When coupled with the proposition that doubt must be resolved in favor of the taxpayer, it has led me to the conclusion that the complainant's gross receipts do not include the entire amount collected from its clients and placed in the pass-through account, but only the fees or commissions that it receives for its services. Accordingly, the complainant will be granted a declaratory judgment and a monetary judgment for the refund to which it is entitled.

Counsel for the complainant should present an appropriate declaratory judgment endorsed by counsel for the defendants.