## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

City of Virginia Beach

v.

Octo, Inc.

November 2, 1981

Case No. (Law) 9141-A

BY JUDGE AUSTIN E. OWEN

This is a suit brought by the plaintiff, City, seeking to recover the balance allegedly due under the terms of those two certain promissory notes attached to the stipulation as Exhibits A and B. These promissory notes were executed by the defendant on November 21, 1977, representing water line and sewer line fees assessed by the City against the defendant. At the time of execution (and by implication the time of delivery), "no written memorandum thereon or separate writing submitted to the City indicated that payment was made under protest," but defendant did orally protest the fees assessable "as being discriminatory . . . and as being arbitrary, excessive and unreasonable," and the defendant was "compelled to execute the notes . . . because of the commercial necessity of obtaining a building permit." (Quotations from Stipulation of Facts.)

Defendant argues that judgment should not be granted for the balance due under the promissory notes because the basis for the imposition of the line fees provided in the two referenced city ordinances under which they were assessed (each attached to the Stipulation) was inequitable, arbitrary, unreasonable and discriminatory. This argument centers primarily around the contention that there was no relationship between the fees assessed and the demands placed on the municipal services; and that the ordinances are unconstitutional in their application to the defendant.

Defendant further argues that judgment should be denied because the ordinance adopted by the City in October, 1978 (and attached to

the stipulation) is unconstitutional in that it fails to accord to defendant equal protection of the law. That ordinance authorized the Director of Public Utilities to enter into written agreements to the effect that in the event line fees therein provided were changed by act of City Council within twelve months from the date of the agreement, the new rates would be prorated. This ordinance was adopted October 2, 1978, nearly eleven months after defendant had executed the promissory notes here in question.

On September 17, 1979, approximately twenty-two months after the execution of said promissory notes, the City Council did, by ordinances, reduce the sewer and water line fees.

Nothing in the language of the ordinance of October 2, 1978, or the ordinances of September 17, 1979, purported to give them any retroactive application.

Defendant says that it was not accorded equal protection of the law because the October 2, 1978, ordinance did not afford any pro-rata relief to it.

The arguments of the defendant overlook the fact that this is not a suit for line fees assessed pursuant to City ordinances but is, rather, a suit upon two promissory notes. As stipulated, "the defendant has not made payment on said notes as due by the terms thereof."

The tenor and terms of said notes, providing for the installments to become voluntary liens on real estate which may be enforced and collectible as are delinquent taxes, would seem to make clear the agreement of the parties that these notes were given and accepted in full satisfaction of the line fees. The expressed consideration is the request for installation of sewer and water mains and the installation thereof as requested. The line fees then were paid with the delivery of the promissory notes.

Had the defendant paid these line fees in cash, there is no provision in law by which he could recover any part thereof. "In an unbroken line of decisions, this court has held that in the absence of statute taxes illegally assessed and paid voluntarily and not under compulsion cannot be recovered in an action at law." (Citations omitted.)

"In *Cooley on Taxation*, 4th Ed., Section 1282, p. 2564, it is said: 'Where voluntary payments are not recoverable, it is immaterial that the tax or assessment has been illegally laid, or even that the law under which it was laid was unconstitutional'." *Charlottesville v. Marks' Shows*, 179 Va. 321, 332 (1942).

The last mentioned case refers, also, to the court's earlier decisions in *Phoebus v. Manhattan Social Club*, 105 Va. 144 (1906), and in *Virginia Brewing Co. v. Commonwealth*, 113 Va. 145 (1912), to the effect that all payments are presumed to be voluntary until the contrary is made to appear; that a statement at the time of payment that payment is made "under protest," even when noted on the records, does not make such payment involuntary; and that payment to avoid prosecution and in order to proceed with business is a voluntary payment which, although illegally assessed, could not be recovered.

In the case of *Crestwood Construction v. Fairfax County*, 212 Va. 6 (1971), Crestwood Construction sought to recover subdivision plat approval fees assessed under an illegal ordinance. At page 7, the Supreme Court held that: "The Trial Court correctly held that Crestwood could not maintain an action to recover fees paid voluntarily and entered judgment for the Board of Supervisors. *City of Charlottesville v. Marks' Shows*, 179 Va. 321, 18 S.E.2d 890 (1942)."

Where a payment is accomplished with a promissory note (or by means of a check), rather than in cash, there is no justification for any different rule. To permit defendant in this action to avoid the balance due under these promissory notes would have the effect of permitting a recovery of payments voluntarily made.

For the foregoing reasons, judgment should be in favor of the City for the agreed balance due under the promissory notes.

The decision on the foregoing basis renders it unnecessary to consider the constitutionality of the City Ordinances under which the assessments were made and the constitutionality of the ordinance of October 2, 1978.

It appears clear, however, that the claim that the latter is unconstitutional because of its prospective but not retroactive applicability is without merit. Likewise, the former are attacked as unconstitutional solely on the basis of alleged inequities found to exist by the consulting firm of Buck, Seifert & Jost, Inc., a copy of whose report is attached to the Stipulation. Even assuming such a report *could* form a sufficient basis for determination of the constitutionality of an ordinance, certainly this one does not. The report itself repeatedly emphasizes its limitations and points out that "this simple analysis does not take into account the many complex costs and policy matters which would be considered during a full comprehensive review of the City's connection fee structure."