## CIRCUIT COURT OF FAIRFAX COUNTY

Charles G. Gulledge

    v.

Dyncorp, Inc.,
and Dan R. Bannister

### Case No. (Law) 88798

By JUDGE LEWIS HALL GRIFFITH

April 17, 1989

This case is before the Court on the demurrer of the two defendants, Dyncorp and its president, Dan R. Bannister, to the motion for declaratory judgment and damages.

This case involves an alleged breach of an employment contract in which the corporation agreed to hire the plaintiff as a consultant upon his retirement from the corporation. The contract provided in part:

*Employment and Term*

The Company covenants and agrees to and does hereby employ Gulledge and Gulledge hereby does accept employment . . . and (ii) upon termination of Gulledge's service as such President and Chief Executive Officer, then as advisor and consultant to the Company for a period of

five years from the time of such termination, and thereafter on a year to year basis terminable at any time: (a) by the Company on one year's prior written notice to Gulledge or, in lieu of such notice and at the option of the Company, by the payment of one year's compensation to Gulledge, exclusive of any bonus or additional compensation, or (b) by Gulledge on three months' prior written notice to the Company.

The plaintiff alleges that he was discharged in breach of this contract because he was given notice during the last year of the five-year period that he would be terminated at the end of that year. According to the plaintiff's interpretation of the contract, the one-year notice cannot be given until after the initial five-year period. Therefore, the earliest he could be terminated was at the end of the first year following the five-year period. The plaintiff also alleges that he was terminated because he did not vote in favor of a merger proposal presented at a directors' meeting. The motion asks for a declaratory judgment determining the corporation's contract obligations as well as damages for tortious interference with contract and retaliatory discharge.

The defendants demur to the breach of contract claim on the grounds that the contract was not in fact breached. According to the defendants' interpretation of the contract, the defendants could properly give the plaintiff notice that the contract would be terminated at the end of the fifth year. The demurrer to this claim is denied. In order to sustain the demurrer on these grounds, the Court would be required to interpret the contract. At this stage of the proceedings, the Court may only consider whether plaintiff has stated a cause of action. The bill of complaint is sufficient because it alleges that a contract existed and that it was breached. *Payne v. Grant*, 81 Va. 164 (1885). The interpretation of the contract and the question of whether it has been breached are matters left for determination at trial.

In addition, the defendant argues that this is not a proper matter for a declaratory judgment, that the action is premature because plaintiff has not yet been terminated, and that damages may not be granted. The Court finds that

a declaratory judgment is proper to determine the rights of parties to a contract. Virginia Code § 8.01-184 provides that "controversies involving the interpretation of deeds, wills and other instruments of writing . . . may be so determined." The action is not premature because the Supreme Court held in *Fairfield Development Corp. v. City of Virginia Beach*, 211 Va. 715 (1971):

> A declaratory judgment may guide parties in their future conduct in relation to each other, thereby relieving them from the risk of taking undirected action incident to their rights, which action, without direction, would jeopardize their interests.

In response to the defendant's final argument, the Court is not precluded from awarding damages in addition to a declaratory judgment.

The plaintiff's second claim is for damages from defendant Bannister only for tortious interference with contract. The plaintiff contends that Bannister terminated his contract because of malice toward the plaintiff for failing to vote for a corporate merger. The defendants again base their argument on the ground that the contract was not actually breached. They contend that *Bowman v. State Bank of Keysville*, 229 Va. 534 (1985), requires an allegation that the contract was breached as a result of the interference. The Court once again finds that the determination of whether the contract was actually reached cannot be decided until trial. The demurrer as to this argument is denied.

The defendant also objects to the claim for punitive damages against defendant Bannister. This ground is also denied because where the breach of the contract amounts to an independent, willful tort, exemplary damages may be recovered under proper allegations of malice, wantonness or oppression. *Kamlar Corporation v. Haley*, 224 Va. 699 (1983). The plaintiff has sufficiently alleged that the defendant was motivated by malice and ill will toward the plaintiff.

The defendant also argues that a party to a contract cannot interfere with its own contract, and the demurrer on this ground is sustained. Although a party to a contract

may conspire with a third party to interfere with its own contract, a party to a contract acting alone cannot interfere with its on contract. *Stauffer v. Fredericksburg Ramada, Inc.*, 411 F. Supp. 1136 (E.D. Va. 1976); *Fox v. Deese*, 234 Va. 412 (1987). The plaintiff's allegations that the defendant was motivated by his personal malice toward the plaintiff are not sufficient to support a finding that the defendant was not acting within the scope of his employment. As the president of Dyncorp, Bannister cannot interfere with his own contract. The proper remedy against a party to a contract is a claim for damages from breach, not a separate claim for tortious interference.

The plaintiff's last count prays for damages for retaliatory discharge or discharge contrary to public policy. The defendants argue that the plaintiff has not sufficiently alleged that his termination violated public policy, as required by *Bowman, supra.* Furthermore, the defendants assert that the plaintiff should not be protected because his contract with the corporation was against the shareholders' interest. As support for this proposition, the defendants assert that Virginia Code § 13.1-691 presumes that contracts between a corporation and its directors are voidable unless certain conditions are met.

The Court is not persuaded by this argument. The *Bowman* case allowed a claim for retaliatory discharge by employees who were discharged for exercising their statutory right to vote as shareholder. The voting rights of directors are similar to those of shareholders and should also be protected by public policy. The plaintiff has alleged that he voted according to his independent judgment as required by his fiduciary responsibility to the corporation and its shareholders, and public policy requires protection of this voting right. The demurrer on this argument is denied.

The defendants also argue that a claim for retaliatory discharge may only be raised by an "at will" employee, and the Court finds this argument persuasive. In *Miller v. SEVAMP, Inc.*, 234 Va. 462 (1987), the Supreme Court noted that Virginia does not recognize "a generalized cause of action for the tort of 'retaliatory discharge'," and that the claim allowed in *Bowman v. State Bank of Keysville*, 229 Va. 534 (1985), was a "narrow exception

to the employment at will rule." The purpose of this limited exception is to provide relief to "at will" employees who would otherwise have no means of redress. No Virginia cases allow this recovery for employees who are not "at will." Employees under a contract may protect their rights by a breach of contract action. The demurrer based on this argument is sustained.

The defendant also argues that the bill of complaint fails to allege that the plaintiff was coerced to vote by threats of discharge made before he voted, which was the factual basis for *Bowman, supra.* Although it is not necessary to prove that the plaintiff was actually coerced to vote a certain way, the plaintiff must provide some proof that his termination was cause by the way he voted. The plaintiff fails to show the causal connection between his vote and his termination. The demurrer on this ground is sustained.

The defendants' demurrer to the punitive damage claim against the corporation is denied. The plaintiff has sufficiently alleged that defendant Bannister acted from malice, and a corporation may be liable for punitive damages if it ratifies the wrongful acts of its agent.

In conclusion, the demurrer is overruled as to Count I and sustained as to Counts II and III.

### October 12, 1989

This matter is before the court on plaintiff's motion for summary judgment. The Court's ruling is set forth below.

Plaintiff, Charles G. Gulledge, has filed a motion for summary judgment on his initial motion for declaratory judgment against defendant Dyncorp. The declaratory judgment alleges breach of an employment agreement by Dyncorp under which Gulledge was to provide consulting services to Dyncorp. The parties disagree as to the interpretation of the term of initial employment provided in the agreement.

Rule 3:18 permits the court to grant summary judgment on motion of either party if it appears from the pleadings, any orders of a pre-trial conference, admissions or upon sustaining a motion to strike the evidence that there are no material facts in dispute. The Court concludes that the language of the agreement is clear and unambiguous.

The agreement provides for an initial term of employment of five years. The provisions with respect to termination cannot be invoked until the conclusion of the initial five-year term of employment. The Court also concludes that there are no material facts presently in dispute, and plaintiff's motion for summary judgment is granted.

November 23, 1989

This matter is before the Court on defendant's Motion for Reconsideration of this Court's ruling of October 12, 1989, granting plaintiff summary judgment. The Court's ruling is set out below.

By letter opinion dated October 12, 1989, this Court ruled that the employment contract between Gulledge and Dyncorp provided for an initial term of employment of five years. The termination provisions of the contract could not be invoked until the conclusion of the five-year term of employment. Dyncorp moves for reconsideration on the grounds that there are affirmative defenses and counterclaims presently pending in this matter.

Dyncorp asserts five affirmative defenses: (1) plaintiff has failed to mitigate his damages, (2) the contract between the parties expressly allows Dyncorp to terminate the agreement in the manner in which Dyncorp terminated the agreement, (3) Gulledge's prior breach excuses performance by Dyncorp, (4) laches, and (5) estoppel. The second defense is no longer valid in light of the October 12th ruling. Defenses 1, 3, 4 and 5 present material facts which will be left for the trier of fact to decide.

Dyncorp counterclaims on the grounds that Gulledge breached the employment contract, the duties of good faith, fair dealing and loyalty as well as his fiduciary duties. The counterclaims present material facts which will be left for the trier of fact to decide.

It is the Court's opinion that its ruling of October 12th granted plaintiff summary judgment only on the question of the initial term of the employment contract. Defendant's affirmative defenses and counterclaims remain to be tried.