## CIRCUIT COURT OF LANCASTER COUNTY

Melissa K. Folan

v.

Town of Kilmarnock

November 26, 1990

By JUDGE JOSEPH E. SPRUILL, JR.

This declaratory judgment proceeding involves a challenge to the validity of a portion of the Subdivision Ordinance of the Town of Kilmarnock. Specifically, the Council has, in § 3-2 of the ordinance, designated a Subdivision Committee to administer the ordinance and act as agent of council. This section provides that "approval or disapproval of the committee (or proposed subdivision plats) shall constitute approval or disapproval as though it were given by the governing body. The committee shall perform its duties . . . . in accordance with this ordinance and the Virginia Land Subdivision Act."

Section 4-2 of the ordinance gives the subdivider, in the event of disapproval by the Subdivision Committee, the right to appeal to the Council "which may then override the recommendation of the Committee and approve said plat." In the event Council disapproves, the subdivider may appeal to the Circuit Court pursuant to this section.

On May 31, 1990, the Subdivision Committee disapproved the proposed McGinnes subdivision plat. McGinnes appealed directly to Council, which approved the plat. Adjacent landowners then filed this action, claiming § 4-2 of the Subdivision Ordinance is invalid because it is in conflict with § 15.1-475 of the Code of Virginia, which requires that appeals of decisions from the agent (i.e. Subdivision

Committee) be made directly to the Circuit Court, not to Council.

It appears that §§ 3-2 and 4-2 of the Ordinance are ambiguous, if not in conflict. Further, § 4-2 of the Ordinance is in conflict with § 15.1-475 of the Code, which permits appeal to the Circuit Court after disapproval or failure to act by *either* (but not both) the commission (i.e. Council) or the agent (i.e. the Subdivision Committee). The ordinance provision adds an extra step in the appellate process which is not provided for in the state code.

It is important to clarify what is, and is not, at issue in this proceeding. The McGinnes subdivision, and whether it should be approved or disapproved, is not at issue. Nor is the question of whether the Kilmarnock Town Council has final authority over approval or disapproval of subdivision plats. Clearly, it does. What is at issue is whether the process mandated by the Town Ordinance is in strict compliance with legislative requirements. More precisely, can Council delegate its authority to a committee, as it does in § 3-2, and at the same time retain its authority, as it does in § 4-2, when such a procedure is contrary to Virginia Code § 15.1-475.

Petitioners claim this conflict places an aggrieved subdivider in a dilemma, not knowing whether to appeal from the Committee directly to Council, as the ordinance requires, or to the Circuit Court, as the Virginia Code requires. Petitioners also invoke the "Dillon Rule" which allows municipalities to exercise only those powers expressly granted by the General Assembly, those necessarily or fairly implied therefrom, and those that are essential and indispensable. The response of the Town is that these ordinance provisions are supplemental to, and not in conflict with, the state code. No state policy is contravened by the ordinance in its present form. The present procedure, claims the Town, hurts no one. The Town also relies on § 15.1-1 of the Code which provides as follows:

> Except when otherwise expressly provided, the provisions of this title shall in nowise repeal, amend, impair or affect any other power, right or privilege conferred on cities and towns by charter or any other provisions of general law.

We do not construe this code provision so broadly. Indeed, as to the ordinance in question, the code does seem to expressly provide otherwise.

Section 15.1-466 of the Code provides as follows:

A. A subdivision ordinance shall include reasonable regulations and provisions that apply to or provide: (i) for the administration and enforcement of such ordinance *not inconsistent with provisions contained in this chapter.* [Emphasis added.]

This requires the Subdivision Ordinance enacted by the Town to be consistent with the provisions of the Virginia Code. To the extent that the procedure for appeals required by § 4-2 of the Ordinance is different from that required by § 15.1-475 of the Code, they are in conflict. In this instance, where there is a conflict between the Ordinance and the Code, the Ordinance should be amended to be consistent with the Code.

Where the legislature has expressly prescribed, with specificity, a procedure to be followed, as it has in Section 15.1-475, a municipality may not deviate from such procedure, even when the deviation is minor or innocuous. *See Board of Supervisors v. Horne,* 216 Va. 113 (1975), and *National Realty Corporation v. City of Virginia Beach,* 209 Va. 172 (1968).

To conclude that the present ordinance is not in complete compliance with Virginia Code provisions is not to reinstate the decision of the Subdivision Committee. When its decision was made, Council retained its authority to "override" the Committee's decision. Council had not fully delegated its prerogative regarding approval of subdivision plats. To now reinstate a committee decision without giving council the opportunity, should it want it, to pass on subdivision plans, would be to divest Council of a power it has not itself yielded and may yet elect to retain. This the Court should not do.

We believe the Town should be given the opportunity to decide whether it or an agent delegated by it shall have the authority to approve or disapprove proposed subdivision plats. Once this decision has been made, and

its ordinance amended accordingly, the McGinnes plat should be reconsidered.

Therefore, we remand the matter to council, with instructions to amend its ordinance to conform to the requirements of Virginia Code § 15.1-475. Thereafter, council or its designated committee shall promptly act on the McGinnes application.

Being mindful that all parties are entitled to a prompt resolution, we suggest that forty-five days should be a reasonable time within which the foregoing should be accomplished.