## CIRCUIT COURT OF THE CITY OF RICHMOND

Jake B. Mull, Jr., et al.

v.

Bridgestone/Firestone, Inc.

April 8, 1991

Case No. LS-2944-1

By JUDGE MELVIN R. HUGHES, JR.

This case was argued on March 13, 1991, on defendant's demurrer. At the conclusion of the argument, counsel for defendant asked for and was granted leave to file supplemental material in support of the defendant's position. He has since advised the Court, on April 3, 1991, that he no longer wishes to provide anything else.

Defendant demurs on two grounds: (1) plaintiff's request for declaratory relief is not proper because the claims made are ones for damages and there is no action either party can take that would interfere with plaintiffs' right to seek damages and (2) plaintiffs' claims are barred by a merger clause contained in a lease agreement.

Briefly, plaintiffs seek declaratory relief and damages based on a warranty on a roof they allege is due them from defendant arising from their exercise of a purchase option contained in a commercial lease of a building. They also seek damages for repair and replacement of the roof. They allege in their Petition for Declaratory Judgment that:

> [d]uring all the period of negotiations leading
> up to the aforesaid lease and before said purchase
> of property plaintiffs . . . were . . . assured

> . . . a new "firestone" roof . . . was in good and sound condition ". . . and that plaintiffs were promised . . . they would receive the standard warranty then being issued covering the installation of firestone roofs."

The lease containing the purchase option provision as well as an "as is" clause is attached to the Petition as an exhibit. The merger clause also contained therein reads as follows:

> 30. *Modification.* This contract constitutes the whole agreement between the parties. There are no terms, obligations, covenants or conditions other than contained herein. No modification or variation thereof shall be deemed valid unless evidenced by an agreement in writing.

The Court decides that defendant's position on Demurrer is, in part, correct. The case is not one for declaratory judgment because plaintiff can allege, as they have, causes of action for damages which, if proved, will afford complete satisfaction on their claims. More importantly, declaratory relief is available to relieve parties from the risk of taking undirected action which might jeopardize their interest. *Fairfield Dev. Corp. v. City of Virginia Beach*, 211 Va. 715 (1971). If plaintiffs are due a warranty and if there has been a breach, there is no action they could take or not take that would jeopardize their rights and interests before resorting to any claims for damages. There is nothing here that makes the Court's intervention necessary by this relief to guide the parties in their future conduct as to one another.

Turning to the second ground defendant has raised. A merger clause in a contract affords no more than a presumption that all the parties' negotiations merged in the written agreement, *Shevel's Inc. v. Southeastern Assoc.*, 228 Va. 175, 183 (1984). According to the facts plaintiffs allege, set out above, there is nothing stated that would preclude the operation of the merger clause, considering the parol evidence rule. However, the merger clause is nothing more than a defense that the plaintiff has to overcome to show the writing is not a complete integration

of the parties' understandings. For example, plaintiff may be able to show that the agreement regarding the warranty is a separate independent agreement. There is something that should be left for later determination, not on demurrer.

Accordingly, the demurrer is sustained in part and overruled in part.