## CIRCUIT COURT OF LOUDOUN COUNTY

Sterling Land Corporation

   v.

Planning Commission
of the Town of Hamilton

February 8, 2000

Case No. (Chancery) 19627

BY JUDGE JEAN HARRISON CLEMENTS

This case comes before the Court on the Bill of Complaint and Petition For a Writ of Mandamus of Sterling Land Corporation, Plaintiff, against Planning Commission of the Town of Hamilton, Virginia, Defendant. Three motions are being considered by the Court: Motion to Quash Service of Process of Defendant, by special appearance of Counsel, argued and taken under advisement by the Court on January 18, 2000; and Demurrer and Plea in Bar of Defendant, by special appearance of Counsel, argued and taken under advisement by the Court on January 21, 2000. Process was served on Maureen K. Gilmore, Town Attorney for the Town of Hamilton.

It is agreed that the Town of Hamilton is a lawfully chartered locality and as such is required to create a local planning commission, which it has done, pursuant to Virginia Code § 15.2-2210. The Town has also enacted a Land Development and Subdivision Control Ordinance, most recently in 1997, as it is required to do pursuant to § 15.2-2255.

In Article II, 2.1, the ordinance provides that the Planning Commission is responsible for providing recommendations to the Town Council for approval, approval with modifications, or disapproval of plats. Section 2.3.3 provides that a developer may appeal the decision of the Planning Commission as to a Preliminary Plat in accordance in § 15.2-2260(D) and (E).

In this case, the Plaintiff alleges that its Preliminary Plat was denied by the Commission on September 21, 1999. Thereafter, this suit followed. The Plaintiff's prayer for relief in the Writ of Mandamus seeks to compel written reasons for the denial. On January 21, 2000, Defendant faxed to Plaintiff a letter of January 14, 2000, and Plaintiff withdrew its Writ as to the relief of compelling "a writing."

The Defendant argues that § 15.2-2210 gives the Planning Commission advisory powers only and does not make it *sui juris* to sue or be sued. Plaintiff, however, relies on §§ 8.01-300 and 15.2-2255. Towns are municipalities whose existence by charter is adopted by the Legislature. In § 15.2-1107, the Legislature permits municipal corporations to provide for "the organization, conduct, and operation" of commissions of the "municipal corporation." Members of commissions of the governing body enjoy the same limited immunity from suit as do the members of the governing body of the locality itself. Section 15.2-1405. Thereafter, the Legislature both delegates and compels a governing body of the Town to assure the orderly subdivision of land and its development. Section 15.2-2240. Furthermore, the Legislature compels the Town to create a Planning Commission to accomplish this end. Section 15.2-2210. As to preliminary subdivision plats upon which the Planning Commission acts to disapprove, § 15.2-2260(E) grants a right of appeal to the circuit court. The Legislature has delegated to the Town, and its Planning Commission, a portion of the police power of the state, *National Realty Corp. v. City of Virginia Beach*, 209 Va. 172 (1968), and with it, the aggrieved developer's right to appeal an act of denial in execution of that power.

The provisions of § 15.2-1520 authorize a locality to employ a Town Attorney or other counsel to defend it, a political subdivision of such locality, or commission which may be a party defendant. The statute, which provides for service of process is § 8.01-300. It begins by stating its applicability to municipal governments and "quasi-governmental bodies and agencies." Paragraph (1) refers specifically to a case against a "town." Paragraph (3) refers specifically to a case against "any political subdivision, or any other public governmental entity created by the laws of the Commonwealth and subject to suit as an entity separate from the Commonwealth."

For all of the aforesaid reasons, the Court determines that the Planning Commission of the Town of Hamilton, Virginia, is a proper party defendant and that service on it by serving the Town Attorney is proper service. The Motion to Quash Service of Process is therefore denied.

An additional ground of the Demurrer is that the Bill of Complaint "fails to allege whether all referrals required for the processing of a Preliminary Plat

had been returned to the Planning Commission." For this argument, Defendant relies upon § 15.2-2260(D) and the Ordinances in furtherance thereof, Article II, 2.3.2 and 2.3.3. These sections provide the periods of time for action when review is sought from state agencies. Section 15.2-2260(D) then provides that, if the Commission fails to approve or disapprove within the time period prescribed, the subdivider may petition the circuit court after ten days written notice.

Subparagraph (D) does not apply to the allegations of the Bill of Complaint in this case. The Plaintiff alleges that the Defendant acted and denied or disapproved its submitted Preliminary Plat. Subparagraph (E) therefore is applicable to this pleading, and a cause of action is stated.

For all of the aforesaid reasons, the Demurrer is overruled.

The Plaintiff's suit is in two parts. The Bill of Complaint clearly defines itself as an "Appeal of Improper Disapproval of Preliminary Plan Under Va. Code § 15.2-2260(E)." In it, Plaintiff prays that the Court (A) determine that the Preliminary Plat conformed to all ordinances and that the orally articulated reasons for disapproval are not a valid basis therefor, (B) determine that the disapproval was arbitrary and capricious, and (C) direct that the Preliminary Plat be approved or direct the Defendant to approve it.

The second part of the suit is a Petition for a Writ of Mandamus to compel a writing as provided in § 15.2-2260(C) and Article II, 2.3.3. As the Court stated earlier in this opinion, Counsel for Plaintiff withdrew its Writ, which sought only to compel a writing.

Defendant's Plea in Bar raises four grounds for consideration. Two of these, failure to exhaust administrative remedies and failure to provide notice, each rely on § 15.2-2260(D) which the Court has addressed earlier in this opinion and are not relevant to the allegations in this case. The third and fourth arguments are that the Bill's prayer for relief seeking a "judicial directive" to approve the Preliminary Plat is also in essence a request for Mandamus and will lie only to compel a ministerial act and that it does not lie for a discretionary act on an appeal of disapproval.

The Court agrees that Mandamus is not an appropriate remedy in this case. "Mandamus may not be granted to redress the past deprivation of a right or the restoration of a right in the future. Its purpose is to command and not to correct an erroneous decision." *Mountain Venture Partnership Lovettsville II v. Lovettsville Planning Commission,* 26 Va. Cir. 50, 53 (Loudoun County, 1991); *see, Board of Supervisors v. Combs,* 160 Va. 487 (1933); *Richlands Medical Assoc. v. Commonwealth,* 320 Va. 384 (1985).

However, the Bill in this case is clearly styled as an appeal pursuant to § 15.2-2260(E). In its pleadings Plaintiff is content to accept the Defendant's

"orally-articulated" reasons for disapproval. It then alleges that these reasons do "not comport" with the ordinances or the law and that they are "arbitrary, capricious, confiscatory, discriminatory, and unlawful." The factual allegations are that the Defendant's reasons for disapproval were a moratorium on the sale of sewer taps to land areas in the Urban Growth Area and the Defendant's preference to preserve the subject property as a park. While § 15.2-2260 does not give the Court the power to substitute its judgment for that of the Planning Commission, it does grant to the Court the power to "hear and determine" whether the disapproval was properly based on applicable ordinances or was "arbitrary or capricious."

The language of (E) of § 15.2-2260, which applies to preliminary plats, tracks the language pertaining to final plats provided for in § 15.2-2259. This language has been held to be sufficiently broad to permit a trial court to approve a final plat if the evidence supports either of Plaintiff's allegations, *Hylton Enterprises, Inc. v. Board of Supervisors of Prince William County*, 220 Va. 435 (1979), and, I would conclude, the preliminary plat as well.

For all of the aforesaid reasons, the Plea in Bar is overruled.